## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **ANNE F. EDWARDS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 5:08-cv-344 (HL) |
| | : | |
| **COLISEUM NORTHSIDE** | : | |
| **HOSPITAL,** | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

## ORDER

Plaintiff, Anne F. Edwards, filed a pro se complaint (Doc. 1) in this Court on October 9, 2008.  Simultaneous with the filing of the complaint Edwards filed an Application to Proceed Without Prepayment of Fees and a supporting Affidavit. (Doc. 2).  Since the filing of those documents, Edwards has also filed a Motion for Protective Order and to Quash Subpoena (Doc. 3).

Pursuant to 28 U.S.C. § 1915(a), a district court may authorize the commencement of a civil suit without prepayment of fees if the court finds that a party is unable to pay the fees.  Review of Edwards' Affidavit reveals she has not completed the form preferred by this Court for determination of motions to proceed without prepayment of fees.  Thus, the Court is unable to determine at this time

whether Edwards satisfies the criteria for proceeding without prepayment of fees.[1]

Section 1915 also provides, however, that notwithstanding any filing fee that may have been paid, a district court must dismiss a case at any time if it determines the case is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).   Consistent with the provisions of 28 U.S.C. § 1915(e)(2), therefore, this Court has reviewed Edwards' complaint to determine if it should be allowed to go forward.  As more fully set forth below, the Court finds the complaint is subject to dismissal pursuant to § 1915(e)(2)(B).

Edwards alleges in her complaint that jurisdiction is based on "Federal Question, Due Process and Equal Protection Claim." (Compl. at 2.)  However, with respect to the acts complained of in her suit, Edwards says only this:  "Malicious Suing and Failure to Notify." (Compl. at 2.)  Edwards offers no other details as to the basis of her suit.

Since 1957, when the Supreme Court of the United States issued its opinion in Conley v. Gibson, the standard for dismissal for failure to state a claim has been that "a complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78

---

[1] The form preferred by the Court requires more information than that provided on the form used by Edwards and thus would better aid the Court in its determination.  The Court notes that the Affidavit which was filed by Edwards indicates she is unemployed and has no sources of income and no property, yet she appears to have a FedEx account. Perhaps a more detailed affidavit would help explain anomalies such as this.

S. Ct. 99, 102 (1957).  Recently, however, the Supreme Court announced that the

"no set of facts" language utilized in Conley had "earned its retirement."  Bell Atlantic

Corp. v. Twombly, 550 U.S. ____, 127 S. Ct. 1955, 1969 (2007).  Instead, the Court

expressed that the Federal Rules of Civil Procedure require "enough facts to state

a claim to relief that is plausible on its face."  Id. at 1974.

The United States Court of Appeals for the Eleventh Circuit has recently

interpreted the pleading standard under Twombly as follows:

> In order for the plaintiff to satisfy his "obligation to provide the grounds of his entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. ____, 127 S. Ct. 1955, 1964-65 (2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S. Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir.2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007).

Applying the standard set forth in Twombly, as construed by the Eleventh

Circuit, it is clear that Edwards' complaint fails to state a claim on which relief may

be granted.  Edwards has failed to present any facts in support of her claim, and

certainly has set forth no facts detailing the wrongful conduct of the named

Defendant.  At a minimum, a plaintiff such as Edwards should state more precisely in her complaint how she was injured and should set forth the date of her injury, the persons responsible for the injury, and should state with more particularity the grounds on which she seeks relief.  Edwards' complaint does none of these things and, as a result, fails to set forth a "plausible entitlement to relief."

Because the Court's review of the complaint reveals that Edwards' pleadings fail to state a claim on which relief may be granted, it does not withstand initial review.  Accordingly, the complaint is hereby dismissed.  The Motion to Proceed Without Prepayment of Fees (Doc. 2) and the Motion for Protective Order and to Quash Subpoena (Doc. 3) are hereby rendered moot.  If Edwards desires to file a new complaint, and seeks to proceed without prepayment of fees as to that complaint, she should contact the Clerk's office to obtain the proper form preferred by this Court for proceeding without prepayment of fees.

**SO ORDERED**, this 24th day of October, 2008.


*s/   Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls

4